# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| BRET TURPIN, | ) | |
| | ) | **JURY DEMAND** |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.:** |
| **v.** | ) | |
| | ) | **JUDGE:** |
| **CORECIVIC OF TENNESSEE, LLC** | ) | |
| **d/b/a TROUSDALE TURNER** | ) | **MAGISTRATE JUDGE :** |
| **CORRECTIONAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Brett Turpin ("Plaintiff" or "Turpin"), by counsel, brings this action against Defendant, CoreCivic of Tennessee, LLC d/b/a Trousdale Turner Correctional Center ("Defendant"), for violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq*., the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et. seq*., Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq*., the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103 *et seq*., and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq*.

### II. PARTIES

2. Turpin is a resident of Trousdale County, Tennessee, who, at all relevant times to this action, resided within the geographical boundaries of the Middle District of Tennessee.

3. Defendant is a limited liability company that maintains offices and routinely conducts business within the geographical boundaries of the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); 29 U.S.C. § 626(c); 42 U.S.C. § 12117; 28 U.S.C. § 1367; the TDA; and the THRA.

5. Turpin was an "employee," as that term is defined by 42 U.S.C. § 2000e(f), 29 U.S.C. § 630(f), 42 U.S.C.§ 12111(4), the TDA, and the THRA.

6. Defendant is an "employer," as that term is defined by 42 U.S.C. § 2000e(b), 29 U.S.C. § 630(b), 42 U.S.C. § 12111(5), Tenn. Code Ann. § 8-50-103(d), and Tenn. Code Ann. § 4-21-102(5).

7. At all relevant times, Turpin was an individual with a "disability," as that term is defined by 42 U.S.C. §12102. Defendant was aware of Turpin's disability, and/or regarded Turpin as disabled, and/or has a written record of Turpin's disability.

8. Turpin satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge No. 494-2025-04490) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant, alleging discrimination based on his race, age, and disability, and retaliation. Turpin received the required Notice of Suit Rights on February 9, 2026, and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this case arose within the geographical environs of the Middle District of Tennessee; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Turpin, a fifty-six (56) year-old Caucasian male, began his employment with Defendant on or about February 14, 2024. Turpin's last held position was Case Manager.

2

11. At all relevant times throughout his employment, Turpin met or exceeded Defendant's legitimate performance expectations.

12. Turpin, a United States Military Veteran, is disabled under the ADA. As a result of his service in the Military, Turpin suffers from the following physical and mental disabilities: right shoulder surgery, two knee replacements, five back surgeries, traumatic brain injury ("TBI"), post-traumatic stress disorder ("PTSD"), diabetes, and neuropathy. Defendant was aware of Turpin's physical and mental disabilities.

13. Due to his disabilities, Turpin suffers from a disability. Said disabilities substantially limit, among other things, the following major life activities: caring for himself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, learning, concentrating, thinking, communicating, and working.

14. Therefore, Turpin is a qualified individual with a disability under the ADA. Despite said disability substantially limiting one or more major life activities, Turpin was able to perform the essential functions of his position with or without reasonable accommodation.

15. In or around January 2025, Turpin requested permission to bring his service dog to work to reasonably accommodate his disabilities. Defendant denied Turpin's request for accommodation without explanation and failed to engage in the interactive process.

16. On or about July 11, 2025, Turpin requested that Sergeant Johnson ("Sergeant Johnson") (African American female) turn in her required inmate count paperwork. Sergeant Johnson responded by directing a string of explicit and derogatory comments toward Turpin. Specifically, Sergeant Johnson stated, "go f*** your mama," "get the f*** away from me," and told Turpin he was "too f***ing old and crusty to do this job." Captain Beach ("Captain Beach") (Caucasian male) was present throughout the entirety of this interaction.

17. Thereafter, on that same day, Turpin and Captain Beach reported Sergeant Johnson's behavior to the following members of leadership: Warden, Guy Bosch (Caucasian male), Assistant Warden, Keith Huggins (Caucasian male), HR Representative, Nadine Louis (African American female), Director of Corporation, Mike Barry (Caucasian male), and Defendant's legal counsel. The complaints were submitted via e-mail and a 5-1C Incident Statement. Defendant failed to take any action.

18. On or about July 17, 2025, Turpin attempted to ask Officer Pascel ("Officer Pascel") (female, race unknown) where she was assigned to work. Officer Pascel became hostile, stating, "none of your f***ing business," and "shut the f*** up." Turpin instructed Officer Pascel to walk to the HR Department, but she refused.

19. That same day, Turpin complained of Officer Pascel's behavior and filed a 5-1C Incident Statement. Defendant failed to take any action.

20. Later that day, Chief Counselor/Supervisor, Terry Crawford ("Supervisor Crawford") (Caucasian male) requested that Turpin work additional shifts Friday, the 18th, and Saturday, the 19th. Turpin declined, explaining that his daughter was visiting him on his days off. In response, Supervisor Crawford informed Turpin that he was terminated.

21. Turpin was discriminated against based on his disabilities and/or age and/or race and/or retaliated against in violation of the ADA, the ADEA, Title VII, the TDA, and/or the THRA.

## V.    CAUSES OF ACTION

## COUNT I: VIOLATION OF ADA & TDA – DISABILITY DISCRIMINATION

22. Turpin hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

4

23. Turpin suffers from physical and mental disabilities. Defendant was aware of Turpin's disabilities and/or had a written record of Turpin's disabilities and/or regarded Turpin as disabled.

24. Defendant unlawfully discriminated against Turpin based on his disabilities, failed to provide reasonable accommodation, and failed to engage in the interactive process.

25. Defendant's actions were intentional, willful, and taken in reckless disregard for Turpin's rights as protected by the ADA and TDA.

26. Turpin has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT II: VIOLATION OF ADEA & THRA – AGE DISCRIMINATION

27. Turpin hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

28. Turpin is a fifty-six (56) year-old male.

29. Defendant unlawfully discriminated against Turpin, subjected him to disparate treatment, subjected him to a hostile work environment, and terminated his employment based on his age.

30. Defendant's actions were intentional, willful, and taken in reckless disregard for Turpin's rights as protected by the ADEA and THRA.

31. Turpin has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT III: VIOLATION OF TITLE VII & THRA – RACE DISCRIMINATION

32. Turpin hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

5

33.     Turpin is a Caucasian male.

34.     Defendant unlawfully discriminated against Turpin, subjected him to disparate treatment, subjected him to a hostile work environment, and terminated his employment based on his race.

35.     Defendant's actions were intentional, willful, and taken in reckless disregard for Turpin's rights as protected by Title VII and the THRA.

36.     Turpin has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT IV: VIOLATION OF ADEA & THRA – AGE RETALIATION

37.     Turpin hereby incorporates paragraphs one (1) through thirty-six (36) of his Complaint as if the same were set forth at length herein.

38.     Turpin engaged in protected activity each time he complained of age discrimination and harassment.

39.     Defendant unlawfully retaliated against Turpin for engaging in protected activity by failing to take corrective action and by terminating his employment.

40.     Defendant's actions were intentional, willful, and taken in reckless disregard for Turpin's rights as protected by the ADEA and THRA.

41.     Turpin has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT V: VIOLATION OF TITLE VII & THRA – RACE RETALIATION

42.     Turpin hereby incorporates paragraphs one (1) through forty-one (41) of his Complaint as if the same were set forth at length herein.

6

43. Turpin engaged in protected activity each time he complained of race discrimination and harassment.

44. Defendant unlawfully retaliated against Turpin for engaging in protected activity by failing to take corrective action and by terminating his employment.

45. Defendant's actions were willful, intentional, and taken in reckless disregard for Turpin's rights as protected by Title VII and the THRA.

46. Turpin has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI.    **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Bret Turpin, by counsel, respectfully requests that this Court enter judgment in his favor and award the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their disability, age, and/or race and/or retaliates against any employee for engaging in a protected activity;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary losses suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages;

6. Award Plaintiff punitive damages;

7

7.  Award Plaintiff liquidated damages;

8.  Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

9.  Award Plaintiff pre- and post-judgment interest on all sums recoverable;  and

10. Award Plaintiff all other legal and/or equitable relief this Court sees fit to  grant.

Respectfully submitted,

*/s/Madalyn Johnson*
Madalyn Johnson, TBPR No. 042798
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
Email: mjohnson@bdlegal.com

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Bret Turpin, by counsel, hereby requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*/s/Madalyn Johnson*
Madalyn Johnson, TBPR No. 042798
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
Email: mjohnson@bdlegal.com

*Attorney for Plaintiff*

8